UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-223-FDW

| BREYON D. MIDDLEBROOKS, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) ) **ORDER** |
| DUANE TERRELL, Administrator, Marion Correctional Institution, | ) ) ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment on Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 4).

**I. BACKGROUND**

Pro se Petitioner Breyon Middlebrooks is a prisoner of the State of North Carolina, who, on December 18, 2003, in Cleveland County Superior Court, was convicted after trial by jury of attempted armed robbery and first-degree murder under the felony murder rule, in cases 01 CRS 8796, and 56766. The trial court arrested judgment on the attempted armed robbery conviction and sentenced Petitioner to life imprisonment without parole for first-degree murder. On March 3, 2004, Petitioner filed a pro se motion for appropriate relief ("MAR") in Cleveland County Superior Court. The trial court noted that Petitioner's appeal was then pending, so the case was no longer in the trial court's jurisdiction, and the MAR was forwarded to Petitioner's appellate counsel so she could consider the arguments for incorporation into the appellate brief. On November 1, 2005, the North Carolina Court of Appeals filed an unpublished opinion finding no error, and on January 26, 2006, the North Carolina Supreme Court dismissed Petitioner's notice of appeal to that court and denied Petitioner's petition for discretionary review. State v.

1

Middlebrooks, 174 N.C. App. 367, 620 S.E.2d 734 (2005), review denied, 360 N.C. 294, 629 S.E.2d 280 (2006).

Petitioner was represented at trial by Calvin Edward Coleman and on appeal by Constance E. Widenhouse. On October 12, 2010, Petitioner filed a pro se MAR in Cleveland County Superior Court. (Doc. No. 5-9). On October 13, 2010, the MAR Court summarily denied the MAR. (Doc. No. 5-10). On November 12, 2010, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 5-11). On November 29, 2010, the state filed a response. (Doc. No. 5-12). On December 1, 2010, certiorari was denied. (Doc. No. 5-13).

On June 12, 2012, Petitioner filed an MAR through counsel Christopher C. Fialko, in Cleveland County Superior Court, and on July 26, 2012, a supplemental supporting brief. (Doc. Nos. 5-14; 5-15). On September 5, 2012, the MAR Court summarily denied the MAR. (Doc. No. 5-16). On July 23, 2013, Petitioner filed a certiorari petition through counsel M. Gordon Widenhouse, Jr., and counsel Fialko. (Doc. No. 5-17). On August 5, 2013, the state filed a response. (Doc. No. 5-18). On August 6, 2013, certiorari was denied. (Doc. No. 5-19).

On August 9, 2013, Petitioner filed his federal habeas application form and supporting documents in this Court, through counsels Fialko and Widenhouse. As his sole ground for relief in the petition, Petitioner contends that his federal and state constitutional rights to confront the witnesses against him were violated when the prosecution relied on the results of laboratory analysis of gunshot residue offered through the testimony of an analyst who neither performed nor witnessed the testing. Specifically, Petitioner contends that this was a violation of constitutional rights as held in the Supreme Court decision of Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011), decided on June 23, 2011.

Respondent filed the pending summary judgment motion and the Petitioner filed a response to the summary judgment motion, and Respondent has filed a reply. (Doc. Nos. 10; 11).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner's case became final for purposes of direct appellate review on Wednesday, April 26, 2006, i.e., 90 days after the January 26, 2006, order of the North Carolina Supreme Court denying review. Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) then ran from April 26, 2006, for 365 days until it fully expired on Thursday, April 26, 2007. Because the habeas petition was not filed until August 9, 2013, it is six years and approximately three months out-of-time.[1] Furthermore, none of Petitioner's above described state post-conviction motions or petitions served to revive the already fully expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

In his original petition and in his response, Petitioner contends, through counsel, that the petition is timely under Section 2244(d)(1)(C), which provides that a federal habeas petition may be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner contends that the June 23, 2011, Supreme Court decision in Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011), constituted a new rule of constitutional adjudication that should be applied retroactively to him.

---

[1] Furthermore, Respondent notes that because Petitioner raised the substance of his current ground for relief on direct appeal, he was obviously aware of, or through the exercise of due diligence should have been aware of, the factual predicate of his current claim since at least the time his case became final on Wednesday, April 26, 2006. See 28 U.S.C. § 2244(d)(1)(D) (one year period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

5

Petitioner contends that he filed his MAR within one year of Bullcoming, and he notes that the MAR Court applied Bullcoming and denied Petitioner's MAR on the merits—thus, according to Petitioner, this necessarily represents a finding that Bullcoming is retroactively applicable on collateral review.

Petitioner's timeliness argument fails for several reasons. First, Bullcoming is in a recent line of Supreme Court cases extending the principle initially set forth in Crawford v. Washington, 541 U.S. 36 (2004), that the Confrontation Clause prohibits introduction of testimonial statements unless the declarant is subject to cross examination, into the context of forensic testing and analysis. See also Melendez-Diaz v. Mass., 557 U.S. 305 (2009) and Williams v. Illinois, 132 S. Ct. 2221 (2012). The Supreme Court has specifically held, however, that although Crawford constitutes a "new rule" of constitutional adjudication, it is not retroactively applicable on federal habeas review, nor has the Supreme Court held that Bullcoming is retroactively applicable on federal habeas review. Whorton v. Bockting, 549 U.S. 406, 416 (2007) (holding that Crawford did not announce a "watershed rule" of criminal procedure such that it could be applied retroactively); see also Wilson v. Holman, No 3:13cv663, 2014 WL 2196357, at *2 (S.D. Miss. May 27, 2014) ("Bullcoming did not announce a newly-recognized constitutional right made retroactively to cases on collateral review to trigger the application of 28 U.S.C. § 2244(d)(1)(C)."). Therefore, the petition is simply not timely under Section 2244(d)(1)(C).

Petitioner contends that because the MAR court denied the Bullcoming claim on the merits, that court necessarily determined that Bullcoming was retroactively applicable, and thus Section 2244(d)(1)(C) applies to render the petition timely because Petitioner filed his state habeas petition within one year of Bullcoming. Again, Petitioner's arguments fail. First,

although the MAR Court summarily denied Petitioner's <u>Bullcoming</u> claim on the merits, that court also ruled alternatively that <u>Bullcoming</u> was not retroactively applicable on collateral review. The order states in part, as follows:

> Having reviewed this matter in light of Bullcoming as well as the even more recent decision in <u>Williams v. Illinois</u>, 567 U.S. (June 18, 2012), this Court concludes that the analysis of the Court of Appeals in this matter directly addressed this specific issue and that this analysis was entirely consistent with state and federal constitutional law on this point. <u>Even if that analysis is found to be incorrect, the Defendant is not entitled to a retroactive application of the new rule to his case</u>.

(Doc. No. 5-16 at 6) (emphasis added). Thus, contrary to Petitioner's contention, the MAR Court specifically found that <u>Bullcoming</u> was <u>not</u> retroactively applicable on collateral review. Second, Petitioner contends that his federal habeas petition is timely because the state habeas petition was filed within one year of <u>Bullcoming</u>, but Section 2244 specifically directs that for a federal habeas petition to be timely, it is the <u>federal</u> habeas petition—not a state habeas petition---that must be filed within one year of when a constitutional right was made retroactively applicable on collateral review. Thus, even if <u>Bullcoming</u> were retroactively applicable on collateral review, Petitioner did not file the instant petition within one year of the issuance of <u>Bullcoming</u>. In sum, the petition is subject to dismissal as time-barred. The Court further notes that Petitioner has not presented any circumstances sufficient to warrant equitable tolling. Finally, although the parties both address the merits of Petitioner's claim in their briefs, this Court does not reach the merits because the petition must be dismissed as time-barred.

### IV.     CONCLUSION

For the reasons stated herein, the Court will deny Petitioner's Section 2254 petition as time-barred and the Court will grant Respondent's summary judgment motion.

**IT IS, THEREFORE, ORDERED** that:

(1) Respondent's Motion for Summary Judgment, (Doc. No. 4), is **GRANTED**.

(2) Petitioner's Section 2254 petition is denied and dismissed as untimely.

(3) It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 29, 2014

Frank D. Whitney
Chief United States District Judge